UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DPG USA INC.,<br><br>    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE A,<br><br>    Defendants. | Case No. 24-cv-12771<br><br>Judge Steven C. Seeger |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST DEFENDANT #16 (PHICUS)

Plaintiff submits this memorandum in support of its Motion for Default Judgment [47] under Fed. R. Civ. P. 55(b)(2) against defendant #16 (PHICUS) listed therein ("Defaulting Defendant") based on Plaintiff's action for infringement of United States Patent No. D1,041,869 ("the '869 Patent").

As discussed below, Plaintiff specifically moves this Court for an Order:

- entering default judgment finding that Defaulting Defendant is liable on Count 1 of Plaintiff's Verified Complaint [1]; and

- entering a permanent injunction prohibiting Defaulting Defendant from making, selling, offering for sale, or importing into the United States Infringing Products.

### I. STATEMENT OF FACTS

1. Plaintiff DPG is an Illinois corporation. Its principal place of business is at 305 Wildberry Court, Suite B-1, Schaumburg, Illinois 60193. *See* Verified Complaint [1] at ¶ 8.

2. DPG is the owner of United States Patent No. D1,041,869 ("the '869 Patent"). *See* Verified Complaint [1] at ¶ 11.

3. DPG has been engaged in the business of designing, sourcing, and marketing sewing products, including bobbin and spool holder products ("DPG Products"). DPG Products can be purchased from e-commerce platforms, such as Amazon.com, as well as from retailers and/or resellers selling DPG Products. Since at least 2018, DPG, on its own and/or via retailers, resellers, and/or importers, has marketed, advertised, promoted, imported, and/or sold DPG Products to consumers in the United States. *See* Verified Complaint [1] at ¶ 9. DPG's bobbin and spool holder products are loved by customers at least because of the unique patented design claimed in the '869 Patent. *See* Verified Complaint [1] at ¶ 10.

4. Defaulting Defendant is based in Vietnam and operates Amazon merchant ID A2764ATB15UMMH as identified on Sch. A to the Verified Complaint [1] and in the Motion. *See* Verified Complaint [1] at ¶ 14, Sch. A.

5. Defaulting Defendant targets sales to Illinois residents by setting up and operating the e-commerce store identified on Sch. A to the Verified Complaint [1] and in the Motion [36] that targets U.S. consumers, offers shipping to the U.S., including Illinois, accepts payment in U.S. dollars and/or funds from U.S. bank accounts, and has sold or offered for sale the unauthorized and unlicensed product that infringes the '869 Patent (the "Infringing Products") to residents of Illinois. *See* Verified Complaint [1] at ¶¶ 15, 20-22, 26-27.

6. Defaulting Defendant's infringement of the '869 Patent in the offering to sell, selling, and/or importing of the Infringing Products is and has been willful. *See* Verified Complaint [1] at ¶ 22.

7. Plaintiff filed its Verified Complaint on December 12, 2024 alleging patent infringement of the '869 Patent (Count 1). *See* [1]. On April 7, 2025, this Court granted Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "TRO") [19], and converted the TRO to a Preliminary Injunction [31] on April 28, 2025. Defaulting Defendant was properly served on April 17, 2025. *See* [26].

8. Defaulting Defendant has not filed an answer or motion under Rule 12 or otherwise defended this case, and the Court has entered default against it under Rule 55(a). *See* [39], [42].

9. On information and belief, Defaulting Defendant is not an active-duty member of the U.S. armed forces. *See* Poplin Declaration (filed herewith as Exhibit 1) at ¶ 3.

## II. ARGUMENT

### II.A. Jurisdiction and venue are proper

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 11, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. *See* Statements of Fact ("SOF") 1-6, 11 (setting forth patent claims). Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defaulting Defendant since Defaulting Defendant directly targets business activities toward consumers in Illinois and causes harm to Plaintiff's business within this Judicial District. *See* SOF 9-11; *uBID, Inc. v. GoDaddy Grp., Inc*. 623 F.3d 421, 423-24 (7th Cir. 2010) (without benefit of an evidentiary hearing, plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least the fully interactive, e-commerce store identified on Schedule A to the Verified Complaint [1], Defaulting Defendant has targeted sales to Illinois residents by setting up and operating an e-commerce store that targets United States consumers, offers shipping to the United States, including Illinois, accepts payment in U.S. dollars and/or funds from U.S. bank accounts, and has offered for sale and/or sold Infringing Products to consumers in the United States, including the State of Illinois. *See* SOF 5. Personal jurisdiction exists over Defaulting Defendant since it directly targets its business activities toward consumers in the United States, including Illinois. *See* SOF 5. Specifically, Defaulting Defendant is reaching out to do business with Illinois residents by operating one or more commercial, interactive e-commerce store through which Illinois residents can purchase Infringing Products. *See* SOF 5; *NBA Properties, Inc. v.*

3

*HANWJH*, 46 F.4th 614, 624-627 (7th Cir. 2022); *see also Monster Energy Co. v. Wensheng,* 136 F. Supp. 3d 897, 906-08 (N.D. Ill. 2015).

### II.B. Plaintiff has met the requirements for entry of default judgment

Federal Rule of Civil Procedure 55(b)(2) provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

As noted above, Plaintiff served Defaulting Defendant on April 17, 2025. *See* SOF 7. The answer deadline has passed, and no answer or other responsive pleading has been filed by Defaulting Defendant. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate and Plaintiff seeks entry of a permanent injunction prohibiting Defaulting Defendant from making, using, offering for sale, selling, and importing Infringing Products as discussed below.

The United States Patent Act provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). Plaintiff alleged in its Complaint that Plaintiff owns the '869 Patent. *See* SOF 1. Plaintiff has also alleged that Defaulting Defendant makes, uses, offers for sale, sells, and/or imports into the United States for subsequent sale or use Infringing Products that infringe the '869 Patent (Count 1). *See* SOF 6-7. Finally, Plaintiff alleged that it has not licensed or authorized Defaulting Defendant to use the '869 Patent, and Defaulting Defendant is not an authorized retailer of genuine DPG Products. *See* SOF 5.

Since Defaulting Defendant has failed to answer or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiff's Verified Complaint [1] as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.,* 582 F. Supp. 2d 999, 1004

(N.D. Ill. 2008). Accordingly, Plaintiff requests entry of judgment against Defaulting Defendant with respect to Counts 1 for patent infringement.

### II.C. Plaintiff is entitled to permanent injunctive relief

Plaintiff respectfully requests entry of a permanent injunction under 35 U.S.C. § 283 enjoining Defaulting Defendant from infringing or otherwise violating Plaintiff's rights in the '869 Patent, including at least all injunctive relief previously awarded by this Court to Plaintiff in the TRO and Preliminary Injunction for the reasons set forth therein. Plaintiff is also entitled to injunctive relief so it can quickly take action against any newly identified e-commerce stores selling Infringing Products that are linked to Defaulting Defendant. *See, e.g., Tuf-Tite, Inc. v. Fed. Package Networks, Inc.,* 2014 U.S. Dist. LEXIS 163352, at *29 (N.D. Ill. 2014); *Scholle Corp. v. Rapak LLC,* 35 F. Supp. 3d 1005, 1009 (N.D. Ill. 2014); *Nike, Inc. v. Fujian Bestwinn Industry Co., Ltd.*, 166 F. Supp. 3d 1177, 1178-79 (D. Nev. 2016).

### III. CONCLUSION

Plaintiff respectfully requests that the Court enter default judgment against Defaulting Defendant, including a permanent injunction order.

Dated: May 14, 2025

Respectfully Submitted,

/s/ Allen Justin Poplin
Allen Justin Poplin, NDIL 21598
**AVEK IP, LLC**
7285 W. 132nd Street, Suite 340
Overland Park, KS 66213
Phone: (913) 303-3841
jpoplin@avekip.com
*Attorney for Plaintiff*